# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JANESA K. MILLER,<br>    Plaintiff,<br><br>vs.<br><br>(1) CITY OF KONAWA, a municipality,<br>and<br>(2) JAMES BLACKWOOD, an individual,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 17-CIV-115-JHP<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court are Defendant Blackwood's Motion to Dismiss ("Defendant") [Doc. No. 35], Plaintiff's Response [Doc. No. 37], and Defendant's Reply [Doc. No. 40]. After consideration of the briefs and for the reasons set forth in this Opinion and Order, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

Plaintiff Janesa K. Miller ("Plaintiff") brings this action against Defendant pursuant to alleged violations of Plaintiff Constitutional rights under 42 U.S.C. § 1983, and violations of Plaintiff's rights under the Constitution of the State of Oklahoma. Plaintiff's administrative remedies were fully exhausted on August 10, 2016, when she received her "Notice of Rights" letter from the Equal Employment Opportunity Commission. [Doc. No. 2-2]. Plaintiff timely filed her action in the District Court of Seminole County, State of Oklahoma, which was removed by Defendant City of Konawa pursuant to 28 U.S.C. § 1441 et seq. Defendant Blackwood provided consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) [Doc. No. 7].

On April 7, 2017, Defendant moved for dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that 1) Plaintiff's Equal Protection claim for sexual harassment brought under 42 U.S.C. § 1983 was barred by the statute of limitations; 2) the Plaintiff's Equal

Protection claim for violation of Title VII is not recognized by the Tenth Circuit 3) Defendant is entitled to qualified immunity against Plaintiff's First Amendment claim; 4) Plaintiff has failed state a cause of action under the Oklahoma Constitution because alternative relief is available; and 5) Plaintiff cannot establish a *Bosh* claim against Defendant.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(6), a Motion to Dismiss can be granted on the basis that Plaintiff fails to state claims upon which relief may be granted. In a Rule 12(b)(6) analysis, courts "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005); *see also Miles v. Washington*, 2009 WL 259722, *2 (E.D. Okla. 2009) (Exhibit "A"). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The allegations themselves need not be plausible, "rather it means that relief must follow from the facts alleged." *Miles*, 2009 WL 259722 at *2 (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). Under *Twombly*, the factual allegations need only to "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Each disputed claim will be address in turn.

I. **Statute of Limitations**

Defendant first alleges that Plaintiff's claim made under 42 U.S.C. § 1983 for claimed violations of Plaintiff's Equal Protection rights based on purported sexual-harassment by

Defendant is barred by the applicable statute of limitations. There is no applicable federal statute of limitation for claims brought under 42 U.S.C. § 1983. *Crosswrite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970). "The time within which such action must be brought is to be determined by the law of the state where the cause of action arose." *Id*. (citing *Wilson v. Hinman*, 172 F.2d 914, 915 (10th Cir. 1949). Civil right claims under Oklahoma law are subject to a two-year statute of limitations for "injury to the rights of another . . . ." Okla. Stat. tit. 12, § 95 (2009). However, the date at which the "claim accrues and the limitations period states to run" is an issue of Federal law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Under Federal law, claims accrue "when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff claims that the statute of limitations does not restrict her claim because the injury occurred when Plaintiff was terminated for complaining of sexual harassment on May 2, 2015. [Doc. 37 at 3].[1] Defendant argues that the sexual harassment complaint filed on or about October 22, 2014, puts Plaintiff's Petition filed November 10, 2016, outside the applicable statute of limitations. [Doc. 35 at 3]. Defendant alleges that Plaintiff's claim that the harassment continued by Defendant Blackwood after he parked his car near her was "innocent conduct" as "[i]t is just common sense; Blackwood must necessarily park his car in a parking lot next to someone else almost every single time he parks." [Doc. 35 at 4]; [Doc. 40 at 5].

The Plaintiff argues that Defendant Blackwood did not normally park in this area and seemed to have no reason to be there and that she felt intimidated by this. [Doc. 26 ¶ 20]. As noted previously, at the Motion to Dismiss stage, the Court must take all allegations in the as true and construe them in a light most favorable to plaintiff. *Hall*, 935 F.2d at 1109; *Meade*, 841 F.2d

---

[1] Page numbers relate to the brief page numbers and not the docket page numbers.

at 1526. Thus, taking Plaintiff's allegations as true, it is plausible that the alleged sexual harassment was ongoing and included the discharge from her employment, within the statute of limitations, dismissal would be improper based on Defendant Blackwood's statute of limitations argument.

## II. Retaliatory Discharge

Defendant Blackwood also alleges that a claim for retaliation cannot be brought under § 1983 because the Tenth Circuit does not recognize a § 1983 claim based on a violation of Title VII for retaliatory discharge. [Doc. 40 at 2, 3]. Plaintiff contends that her § 1983 claim is based upon Defendant Blackwood's utilizing his power to fire the City Manager to order him to fire the Plaintiff. [Doc. 37 at 6]. Further, she contends that, because she has no cause of action under Title VII against Defendant Blackwood, she is not precluded under Tenth Circuit precedent from pursuing a claim against the Defendant under § 1983.

Defendant cites to *Long v. Laramie County Community College Dist.*, 840 F.2d 743 (10th Cir. 1988), and the cases cited in *Long*, for the proposition that § 1983 cannot be used to bring a cause of action for retaliation. However, the Court does not need to reach this argument, because, at this stage, Plaintiff has adequately pled a violation of her rights under the Equal Protection Clause as noted above. As the Tenth Circuit held in *Starret v. Wadley*, "[i]f a plaintiff can show a constitutional violation by someone acting under color of state law, then the plaintiff has a cause of action under Section 1983, regardless of Title VII's concurrent application." 876 F.2d 808, 814 (10th Cir. 1989).

Accordingly, Plaintiff has alleged violation of her Equal Protection rights under 42 U.S.C. § 1983, separate from Plaintiff's claims of violations of Title VII, and accordingly Plaintiff's claims for violations under § 1983 should be allowed to proceed.

4

**III. Qualified Immunity**

Defendant Blackwood also claims that he is entitled to qualified immunity against Plaintiff's First Amendment claims. "Individual government actors retain their immunity unless the plaintiff can show that they violated 'clearly established statutory or constitutional rights of which a reasonable person would have known." *McFall v. Bednar*, 407 F.3d 1081 (10th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). A qualified immunity claim is first analyzed to determine "whether the plaintiff has alleged a deprivation of a [statutory or] constitutional rights at all." *Id*. at 1087. If so, the court next considers "whether that right was clearly established at the time so that reasonable officials would have understood their conduct violated that right." *Id*. (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841 n.5 (1998); *Trotter v. Regent of the Univ. of N.M.*, 219 F.3d 1179, 1184 (10th Cir. 2000). Determinations of "the clearly established law must be 'particularized' to the facts of the case. *White v. Pauly*, 137 S.Ct. 548, 552 (2017) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Defendant argues that the prohibition against sexual harassment and Plaintiff's First Amendment rights were not clearly established rights. It is clearly established that sexual harassment is a violation of Plaintiff's rights of Equal Protection. "[S]exual harassment of the sort alleged by plaintiff can violate the Fourteenth Amendment right to equal protection of the laws." *Starrett* 876 F.2d at 814 (10th Cir. 1989).

Defendant next argues that he is entitled to qualified immunity because Plaintiff's First Amendment rights were not clearly established because Plaintiff's speech was not a matter of public concern. The Tenth Circuit recognizes five elements of a First Amendment retaliation claim:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the

> government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014) (citing *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009). Only "[t]he first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury." *Id*. Here, Defendant contends that dismissal is proper because the speech was not a matter of public concern. Specifically, Defendant contends that Plaintiff's speech regarding sexual harassment to her supervisor is an internal personnel dispute and thus not a matter of public concern. It would be improper at this state of litigation to determine if Plaintiff's speech was a matter of public concern. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the *whole record*." *Connick v. Myers*, 461 U.S. 138 (1983) (emphasis added). It is clear that the Tenth Circuit recognizes that "[s]peech which discloses any evidence of corruption, impropriety, or other malfeasance on the party of the city . . . clearly concerns matters of public import." *Dill v. Edmond*, 155 F.3d 1193, 1202 (10th Cir. 1998).

As noted above, at this stage it is premature to dismiss Plaintiff's First Amendment retaliation complaint, and her Equal Protection complaint. thus, it is premature to dismiss Defendant based on qualified immunity. Further, it is also premature to dismiss Plaintiff's claim of First Amendment Retaliation before a record has been developed.

### IV. Validity of Bosh Claim and Availability of Alternative Relief.

#### A. Available Relief Under Statute or Tort.

Defendant argues that Plaintiff does not have a viable claim under various provision of the Oklahoma Constitution. Plaintiff claims she has a private cause of action based on *Bosh v. Cherokee Bldg. Auth.*, 305 P.3d 994 (Okla. 2013). *Bosh* created a private cause of action in a jail context for excessive force claims; however, *Bosh* has not been limited to that context. As recently recognized by an Oklahoma Court of Civil Appeals case, which was approved for publication by the Oklahoma Supreme Court, and thus given precedential weight, the court recognized that *Bosh* stood for allowing causes of action beyond its original context. *Deal v. Brooks*, 389 P.3d 375 (Okla. Civ. App. 2016) (approved for publication by the Oklahoma Supreme Court). Accordingly, courts now first look to see if relief is barred by the OGTCA, and, if relief is barred, the court determine whether "genuine disputes of material fact exist as to whether a constitutionally cognizable harm exists. *Id*. at 385.

Defendant claims that Plaintiff could have brought a cause of action against Defendant under either the OGTCA or the Oklahoma Anti-Discrimination Act, but did not. Defendant Blackwood, for the purposes of the Oklahoma Governmental Tort Claims Act (OGTCA), is considered an employee of Defendant City. Okla. Stat. tit. 51, §152(7)(a)(1) ("Employee also includes; (1) all elected or appointed officers[.]"). When an employee, however, under the OGTCA acts outside his scope of employment, the OGTCA does not apply. *Pellegrino v. State ex rel. Cameron Univ.*, 2003 OK 2, ¶ 18, 63 P.3d 535. Although, for the purposes of OGTCA, Defendant Blackwood is considered an employee of Defendant City, he is not considered an employee under Title VII. *See* 42 U.S.C. § 2000e(f) ("[T]he term 'employee' shall not include any person elected to public office in any State or political subdivision[.]"). Plaintiff alleges that

7

Defendant Blackwood sexually harassed her. If Plaintiff is able to support this, then Defendant Blackwood was acting outside the scope of his employment under the OGTCA. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1417-18 (10th Cir. 1987) ("[s]exual harassment simply is not within the job description of any supervisor or any other worker in any reputable business."). Thus, a *Bosh* claim under these circumstances is a viable claim.

**B. *Bosh* Claim Against Defendant as an Individual.**

Finally, Defendant Blackwood claims that Plaintiff cannot bring a *Bosh* claim as he is an individual and not her employer. [Doc. 35 at 12]; [Doc. 40 at 8]. Plaintiff argues that a *Bosh* claim is viable against an elected official, such as Defendant. [Doc. 37 at 14]. Defendant supports his contention with *Koch v. Juber*, No. CIV-13-0750-HE, 2014 U.S. Dist. LEXIS 70857 (W.D. Okla. May 23, 2014), which found that individuals could not be liable under the doctrine of *respondeat superior* for an Oklahoma Constitutional violation under *Bosh*. [Doc. 35 at 13]. Plaintiff alleges that her claim is not against Defendant Blackwood on a *respondeat superior* theory, but is brought based on his position as an elected official. Plaintiff points out that in *Koch*, the individuals were co-workers of the Defendant and that the issue in *Koch* is not the same issue here. She contends that Defendant Blackwood, as an elected official, is a government actor. Plaintiff is not bringing this cause of action against Defendant Blackwood as an individual, but as an elected official. In light of the decision in *Deal*, state officials can be held liable—even when the tortious acts were committed by private actors. *Deal v. Brooks*, 2016 OK 123, ¶ 44 (Thornbrugh, P.J., concurring specially) (approved for publication and accorded precedential value by the Oklahoma Supreme Court, *Deal v. Brooks*, 2016 OK 123). Because Defendant Blackwood is an elected official, a *Bosh* claim can be alleged; thus, this cause of action cannot be dismissed.

## CONCLUSION

For the reasons detailed above, the partial Motion to Dismiss filed by Defendant Blackwood [Doc No. 35] is **DENIED.**

**IT IS SO ORDERED** this 11th day of December, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma